IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| TORTILLERIA EL MAIZAL, INC., | ) | Jointly Administered Under |
| et al., | ) | Case No. 13-59899-crm |
| | ) | |
| Debtors. | ) | |

**APPLICATION FOR AN ORDER, PURSUANT TO 11 U.S.C. § 1103, AUTHORIZING THE EMPLOYMENT OF GLASSRATNER ADVISORY & CAPITAL GROUP LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO JUNE 12, 2013**

The Official Committee of Unsecured Creditors in the above-captioned cases (the "Committee") hereby submits this application (the "Application"), pursuant to 11 U.S.C. § 1103 and Rule 2014 of the Federal Rules of Bankruptcy Procedure, for an order authorizing the Committee to employ GlassRatner Advisory & Capital Group LLC ("GlassRatner") as the Committee's financial advisor in the above-captioned cases *nunc pro tunc* to June 12, 2013. In support of this Application, the Committee submits the Affidavit of James Fox (the "Fox Affidavit") attached hereto as Exhibit A, and incorporated herein by reference. In further support of this Application, the Committee respectfully states as follows:

**BACKGROUND**

1. On May 5, 2013 (the "Petition Date"), Tortilleria El Maizal, Inc., National Provision Company, and El Maizal of the South, Inc., the debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, (the "Code"). The Chapter 11 Cases are jointly administered by Order of the Court entered on May 7, 2013. *See* Docket No. 12.

2. The Debtors continue to operate their businesses and manage their properties as a

debtors-in-possession pursuant to sections 1107 and 1108 of the Code.

3. On May 20, 2013, the United States Trustee appointed the Committee pursuant to section 1102(a) of the Code.

4. On June 12, 2013, the Committee selected GlassRatner as its financial advisor in connection with the above-captioned cases *nunc pro tunc* to June 12, 2013.

## JURISDICTION AND VENUE

5. This Application constitutes a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(A).

6. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

7. Venue is proper pursuant to sections 1408 and 1409.

8. The statutory predicate for the relief sought herein is section 1103 of the Code.

## RELIEF REQUESTED

9. By this Application, the Committee seeks authority to employ GlassRatner *nunc pro tunc* to June 12, 2013 to perform financial advisory services, as outlined in the Fox Declaration.

10. The Committee has selected GlassRatner because of the firm's considerable experience in bankruptcy and insolvency and in other areas applicable to these Chapter 11 Cases. The services to be rendered by GlassRatner are necessary and essential to the performance of the Committee's duties and obligations, and will not duplicate the services to be rendered by any other professionals in these cases.

11. As evidenced in the Fox Declaration, GlassRatner does not hold or represent any interest adverse to the Debtors, their estates or creditors, and is a disinterested person within the meaning of section 101(14) of the Code.

12. To the best of the Committee's knowledge, GlassRatner has no connection with

the creditors or any other adverse party or its attorneys in these cases except as otherwise stated in the attached Fox Declaration.

13. GlassRatner's proposed compensation is set forth in the Fox Declaration. In summary, the Debtors' estates shall reimburse GlassRatner for its hourly professional charges and disbursements. The Committee and GlassRatner understand that any compensation or reimbursement of expenses paid to GlassRatner must be approved by this Court upon application consistent with the Code, applicable Bankruptcy Rules, local rules of the United States Bankruptcy Court for the Northern District of Georgia, or further order of this Court.

14. Because of a number of emergent matters pending with the Court in these cases, the Committee requested that GlassRatner immediately begin work on certain items outlined in the Fox Declaration. It is therefore respectfully requested that GlassRatner's retention be approved *nunc pro tunc* to June 12, 2013.

15. No previous application for the relief sought herein has been made by the Committee to this or any other Court.

16. Because this Application presents no novel issues of law, the Committee waives its right to file a memorandum of law in support of this Application.

**WHEREFORE**, the Committee requests the entry of an order, in the form attached hereto as Exhibit B, authorizing the relief sought herein and granting such other and further relief as this Court deems just and proper.

Dated: June 25, 2013

                                        Respectfully submitted,
                                        OFFICIAL COMMITTEE OF UNSECURED CREDITORS

                                        By: /s/ Larry Bostick
                                        Larry Bostick, Committee Chair
                                        ADM Edible Bean Specialties

Bruce S. Nathan
Jeffrey D. Prol
Cassandra M. Porter
Lowenstein Sandler LLP
1251 Avenue of the Americas
New York, New York 10020
-and-
65 Livingston Avenue
Roseland, New Jersey 07068

LOCAL COUNSEL
J. Robert Williamson, Esq.
Georgia Bar No. 765214
Scroggins & Williamson, P.C.
1500 Candler Building
127 Peachtree Street, NE
Atlanta, GA  30303
(404) 893-3880

EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| TORTILLERIA EL MAIZAL, INC., | ) | Jointly Administered Under |
| et al., | ) | Case No. 13-59899-crm |
| | ) | |
| Debtors. | ) | |

**AFFIDAVIT OF JAMES FOX IN SUPPORT OF APPLICATION FOR AN ORDER, PURSUANT TO 11 U.S.C. § 1103, AUTHORIZING THE EMPLOYMENT OF GLASSRATNER ADVISORY & CAPITAL GROUP LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO JUNE 12, 2013**

I, James Fox, being duly sworn, affirms and states as follows:

1. I am a principal of GlassRatner Advisory & Capital Group LLC ("GlassRatner"), an accounting and financial consulting firm with expertise in turnaround and bankruptcy issues. GlassRatner has offices located in Arizona, California, Florida, Georgia, Illinois, and New York.

2. This Affidavit is submitted in support of the *Application For An Order, Pursuant to 11 U.S.C. § 1103, Authorizing The Employment of GlassRatner Advisory & Capital Group LLC as Financial Advisors to the Official Committee of Unsecured Creditors Nunc Pro Tunc to June 12, 2013* (the "Application").

3. I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

4. GlassRatner's professionals have extensive experience working with financially troubled companies in complex financial restructurings both in and out of chapter 11 of the Bankruptcy Code.

5. Moreover, GlassRatner's professionals have advised debtors, creditors' committees, creditors and equity holders in numerous cases filed under chapter 11 of the Code.[1]

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to such term in the Application.

6. GlassRatner performed a conflicts check pursuant to its customary procedures in connection with those creditors holding the twenty (20) largest unsecured claims against the Debtors (as identified by Debtors) and those creditors holding secured claims against the Debtors (as identified by the Debtors) to identify parties-in-interest that the firm is currently representing in unrelated matters. Through this investigation, GlassRatner has determined that it does not represent any parties-in-interest in these Chapter 11 Cases in any unrelated matters.

7. To supplement its standard conflicts check, GlassRatner distributed a firm-wide e-mail memorandum to all professionals requesting that they respond if they knew of any reason why GlassRatner could not be considered a "disinterested person" within the meaning of section 101(14) of the Code. Based on the responses to that firm-wide email, as well as the information derived from GlassRatner's standard conflicts check, I believe that GlassRatner is a "disinterested person" in that GlassRatner and its professionals:

(a) Are not creditors, equity security holders or insiders of the Debtors;

(b) Are not and were not investment bankers for any outstanding security of the Debtors;

(c) Have not been, within three (3) years before the date of the filing of the petition an investment banker for a security of the Debtors;

(d) Are not and were not, within two years before the date of the filing of petition, directors, officers, or employees of the Debtors or of any investment banker as identified in subparagraph (b) or (c) of this paragraph; and

(e) Do not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker specified in subparagraph (b) or (c) of this paragraph or for any other reason.

8. Neither I, GlassRatner, nor any partner or professional employee thereof, insofar as I have been able to ascertain, has any connection with the above-captioned Debtors,

their creditors, or any other party-in-interest herein, or their respective attorneys and accountants, or the United States Trustee or persons employed in the Office of the United States Trustee.

9. As part of its diverse practice, GlassRatner appears in cases, proceedings, and transactions involving many different professionals, including attorneys, accountants, financial consultants, and investment bankers, some of which may be or represent claimants and parties-in-interest in the Chapter 11 Cases. Based on our current knowledge of the professionals involved, GlassRatner does not represent or have a relationship with any attorneys, accountants, financial consultants, or investment bankers which would be adverse to the Debtors, their creditors, or equity security holders, except that GlassRatner may in the past have acted, or may presently be serving as a financial consultant or fiduciary on matters wholly unrelated to these Chapter 11 Cases. Despite the efforts described above to identify and disclose GlassRatner's connections with parties-in-interest in these cases, because the Debtors have numerous creditors and other relationships, GlassRatner is unable to state with certainty that every client representation or other connection has been disclosed. If GlassRatner discovers additional information that requires disclosure, GlassRatner will file supplemental disclosures with the Court as promptly as possible.

10. To the best of my knowledge, GlassRatner has not been retained to assist any entity or person other than the Committee on matters relating to, or in connection with, these cases. If this Court approves the proposed employment of GlassRatner as financial advisors to the Committee, GlassRatner will not accept any engagement or perform any services in these cases for any entity or person other than the Committee. GlassRatner may, however, continue to provide professional services to, and engage in commercial or professional relationships with, entities or persons that may be creditors of the Debtors or parties-in-interest in these cases; provided, however, that such services do not and will not relate to, or have any direct connection with, these cases.

11. I am not related or connected to and, to the best of my knowledge, no other professional of GlassRatner is related or connected to any United States Bankruptcy Judge

or District Judge for the Northern District of Georgia, the United States Trustee, or any employee in the office thereof.

12. To the best of my knowledge, information and belief, GlassRatner does not have or represent any interest materially adverse to the interest of the Debtors, or of any class of creditors of the Debtors, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors. To the extent that any information disclosed herein requires amendment or modification upon GlassRatner's completion of further analysis, or as additional information becomes available to it, a supplemental Declaration will be submitted to the Court.

13. The Committee has advised GlassRatner that it desires to retain GlassRatner to provide such professional services as GlassRatner and the Committee find mutually agreeable and which may include:

(a) Review reasonableness of the Debtors' use of cash collateral including the likelihood that Debtors will be able to comply with the terms of the order.

(b) Analyze and review key motions to identify strategic case issues.

(c) Gain an understanding of Debtors' corporate structure, including non-debtor entities.

(d) Perform a preliminary assessment of the Debtors' proposed budget.

(e) Establish reporting procedures that will allow for the monitoring of the Debtors' post-petition operations.

(f) Develop and evaluate alternative sale and restructuring strategies.

(g) Gain an understanding of Debtors' accounting systems.

(h) Scrutinize proposed sale transactions, including the assumption and/or rejection of executory contracts.

(i) Identify, analyze and investigate transactions with non-Debtor entities and other related parties.

(j) Monitor Debtors' weekly operating results.

(k) Monitor the sale process of the Debtors' assets, as applicable, and supplement the list of potential buyers.

(l) Analyze Debtors' budget-to-actual results on an ongoing basis for reasonableness and cost control.

(m) Communicate findings to the Committee.

(n) Identify and quantify any recoverable assets which are not in the Debtors' estates.

(o) Investigate and analyze all potential avoidance action claims.

(p) Assist the Committee in negotiating the key terms of any proposed plan of reorganization or liquidation, as applicable.

(q) Review and analyze proposed plan of reorganization or liquidation, as applicable.

(r) Prepare/update dividend analysis.

(s) Testify at any hearings upon request by counsel for the Committee.

(t) Render such assistance as the Committee and its counsel may deem necessary.

17. GlassRatner's standard hourly rates for services of the nature to be rendered to the Committee are as follows:

(a) Principals $385 - $495

(b) Directors $295 - $395

(c) Managers $235 - $315

(d) Associates $95 - $225

18. Within these ranges, the specific hourly rates for the individuals who have been identified at this point to work on this engagement are as follows:

(a) Ron Glass (Principal) $495 per hour

(b) Jim Fox (Principal) $450 per hour

(c) Michel Shenk, CPA, CIRA (Managing Director) $335 per hour

(d)     Justin Wiedeman, CPA (Senior Manager) $285 per hour

19.    GlassRatner anticipates that its blended billable rate for the Chapter 11 Cases will be $325 per hour.

20.    In the normal course of business, GlassRatner revises its hourly rates each year. GlassRatner will file a supplemental statement with the Court to reflect its revised rates as applicable.

21.    In addition, GlassRatner will seek reimbursement for out-of-pocket expenses incurred in connections with its services in these cases.

22.    The Committee and GlassRatner understand that any compensation or reimbursement of expenses paid to GlassRatner must be approved by this Court upon application consistent with the Bankruptcy Code, applicable Bankruptcy Rules, local rules or further order of this Court.

23.    Because of a number of emergent matters pending in these cases, the Committee requested GlassRatner to immediately begin work on certain of the items set forth herein. For this reason, it is respectively requested that GlassRatners' retention be approved *nunc pro tunc* to June 12, 2013.

24.    GlassRatner has not shared or agreed to share any of its compensation with any other person, other than a principal, professional, or employee of GlassRatner, as permitted by section 504 of the Code.

25.    The proposed engagement of GlassRatner is not prohibited by Bankruptcy Rule 5002.

I affirm under penalty of perjury pursuant to 28 U.S.C. § 1746 that the forgoing is true and correct.

Executed on June [], 2013, in New York, New York.

_____
James Fox

## EXHIBIT B

Case 13-59899-crm    Doc 92    Filed 06/25/13    Entered 06/25/13 12:31:58    Desc Main
Document      Page 12 of 15

EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| TORTILLERIA EL MAIZAL, INC., | ) | Jointly Administered Under |
| et al., | ) | Case No. 13-59899-crm |
| | ) | |
| Debtors. | ) | |

ORDER, PURSUANT TO 11 U.S.C. § 1103, AUTHORIZING THE EMPLOYMENT OF GLASSRATNER ADVISORY & CAPITAL GROUP LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO JUNE 12, 2013

Upon consideration of the *Application For An Order, Pursuant to 11 U.S.C. § 1103, Authorizing The Employment of GlassRatner Advisory & Capital Group LLC as Financial Advisors to the Official Committee of Unsecured Creditors Nunc Pro Tunc to June 12, 2013* (the "Application") filed by the Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1103 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure; and upon the affidavit of James Fox ("Fox Affidavit"); and the Court being satisfied based on the representations made in the Application and the Fox Affidavit that GlassRatner does not represent any interest adverse to the Debtors' estates with respect to the matters upon which GlassRatner is to be engaged, that

GlassRatner is a "disinterested person" as that term is defined by 11 U.S.C. § 101(14), as modified by 11 U.S.C. § 1107(b), and that the employment of GlassRatner is necessary and is in the best interest of the Debtors' estates and creditors; and it appearing that due and proper notice of the Application has been given to all parties entitled thereto; and upon the proceedings had before the Court and good and sufficient cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Application is APPROVED, subject to the provisions of this Order.

2. Pursuant to section 1103 of the Bankruptcy Code, the Committee is hereby authorized to employ GlassRatner as its financial advisor in the Chapter 11 Cases *nunc pro tunc* to June 12, 2013 upon the terms and conditions set forth in the Application and the Fox Affidavit.

3. GlassRatner shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the rules of this Court, and such other procedures as have been or may be fixed by order of this Court.

[END OF ORDER]

Prepared by:
SCROGGINS & WILLIAMSON, P.C.

/s/ J. Robert Williamson
J. ROBERT WILLIAMSON
Georgia Bar No. 765214
1500 Candler Building
127 Peachtree Street, NE
Atlanta, GA 30303
T: (404)893-3880
E: rwilliamson@swlawfirm.com

Counsel for the Official Committee
of Unsecured Creditors

## CERTIFICATE OF SERVICE

This is to certify that on this date I served a true and correct copy of the within and foregoing Application by causing same to be deposited in the United States Mail with adequate postage affixed thereon and addressed to the following persons:

Office of the United States Trustee
362 Richard Russell Federal Building
75 Spring Street, S. W.
Atlanta, Georgia 30303

G. Frank Nason
Lamberth, Cifelli, Stokes, Ellis & Nason
3343 Peachtree Road, N.E.
Suite 550
Atlanta, Georgia   30326

David W. Cranshaw
Morris, Manning & Martin, LLP
3343 Peachtree Road, NE
Suite 1600
Atlanta, GA 30326

This 25th day of June, 2013.

Respectfully submitted,

SCROGGINS & WILLIAMSON, P.C.

/s/ J. Robert Williamson

J. ROBERT WILLIAMSON
Georgia Bar No. 765214
Counsel for the Committee

1500 Candler Building
127 Peachtree Street, NE
Atlanta, GA 30303
(404) 893-3880